**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DORIS BAKER DENSON

        Plaintiff,

vs.                                       Case No. 3:08-cv-643-J-32TEM

RONALD O. CARLSON, et al.,

        Defendants.

## ORDER

This case is before the Court on defendant Ronald Carlson's Amended Motion to Dismiss (Doc. 17), defendant Daniel Copeland's Amended Motion to Dismiss (Doc. 18), defendant the Fourth Judicial Circuit Court of Clay County's Motion to Dismiss (Doc. 20), plaintiff Doris Baker Denson's pro se Motion for Miscellaneous Relief and Motion for Clarification, construed as her responses. (Docs. 21, 22.)

**I. Background**

The Court has construed plaintiff's pro se pleadings and motions liberally. The gravamen of her case appears to be that defendant Ronald Carlson, through his attorney (defendant Daniel Copeland), filed an action to quiet title to property in Orange Park, FL through a case filed in defendant Fourth Judicial Circuit Court of

Clay County. (Doc. 1.) The state court ruled in favor of Carlson and against Denson, holding that Carlson's adverse possession of the property had ripened into good title. (Doc. 1 at 15.) Plaintiff's claims are summarized in the fifth paragraph of her complaint:

> The defendant The 4th Judicial Court had known or should have known that the plaintiff Denson property was not apart of any foreclosure sale and the defendant Carlson had purchased a house of a foreclosure sale with a legal description on the Warranty Deed that is different than the physical location of the House. In which, the onus falls on the title Company . . . as being in error for a faulty title search. Instead the defendants Carlson and Atty. Copeland pursued a fraudulent, frivolous lawsuit and the defendant The 4th Judicial Circuit Court upheld it. To claim another's property which does not belong to you constitutes an illegal act of fraud (689 So. 2d 1042). Therefore, the defendants have violated the plaintiff's civil rights of 1866, and the Plaintiff's 5th and 14th amendments rights. [sic].

(Doc. 1 ¶ 5)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. 1981). "A court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. See Steel Co. v. Citizens for a

Better Env't., 523 U.S. 83, 94 (1998); see also University of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). In examining whether the Court has jurisdiction over the subject, it is proper to consider parties' affidavits and exhibits without converting a motion to dismiss into a motion for summary judgment. See Vink v. Hendrikus Johannes Schijf Rolkan N.V., 839 F.2d 676, 677 (11th Cir. 1988).

### III. Discussion

The Rooker-Feldman doctrine "provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts." See Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265-66 n. 11 (11th Cir. 2003). In essence, Rooker-Feldman is a doctrine "under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (The Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

-3-

The doctrine applies when: (1) the party in federal court is the same as in the state court; (2) the state court ruling was a final judgment on the merits; (3) the federal court plaintiff had a reasonable opportunity to raise her claims in the state proceeding; and (4) "the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." See Amos, 347 F.3d at 1265-66 n. 11. "A federal claim is inextricably intertwined with a state court judgment if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" See Seigel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (quoting Pennzoil Co. V. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Plaintiff is pro se, and the Court has liberally construed the pleadings and motions she has filed in this case. Nevertheless, this Court lacks subject matter jurisdiction to consider her case pursuant to the Rooker-Feldman doctrine. Plaintiff's claims are based on the premise that the property in question is rightfully hers. Her case in this Court can only succeed to the extent that the state court wrongfully quieted title to Mr. Carlson. In effect, Plaintiff seeks to collaterally attack the state court judgment by claiming that it was procured fraudulently and in violation of both state law and the U.S. Constitution. However, this Court is not permitted to undertake what would essentially be an appellate review of that decision. See Staley v. Ledbetter, 837 F.2d 1016, 1017-18 (11th Cir. 1988) ("The

federal courts are not a forum for appealing state court decisions.").

Plaintiff's arguments to the contrary rest on an assertion that she is not seeking to directly review the state court's judgment. She states that "[t]his lawsuit is not to review a ruling made in state court as the defendant claims in their answer to complaint. A civil rights violation has occurred by a conspiracy of fraud. The Plaintiff Doris Baker Denson's land has been taken and given to someone else as if it were in a foreclosure sale when it was not in foreclosure." (Doc. 21 at 2) (emphasis omitted). While plaintiff may not be seeking to directly overturn the state court's judgment, the allegations in her complaint are inextricably intertwined with that judgment. Plaintiff's claims of procedural irregularities and substantive errors in the state proceedings should have been raised in state court, either at the original proceeding or on appeal. Accordingly, this Court lacks subject matter jurisdiction pursuant to Rooker-Feldman, and will dismiss this case with prejudice.[1] It is hereby

**ORDERED:**

1. Defendants' motions to dismiss (Docs. 17, 18, 20) are **GRANTED**. This

---

[1] Assuming arguendo that Rooker-Feldman does not bar plaintiff's claims, this case is still due to be dismissed because the claims against the Fourth Judicial Circuit Court of Clay County are barred by the Eleventh Amendment. The dismissal of the state court from this lawsuit removes the federal question from this lawsuit because plaintiff's federal constitutional claims are not cognizable against private entities. The Court expresses no view as to whether plaintiff has any available remedies in state court.

case is dismissed with prejudice for lack of subject matter jurisdiction.

    2. All other pending motions (Docs. 21, 22, 23, 24) are **MOOT**.

    3. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of July, 2009.

                                                TIMOTHY J. CORRIGAN
                                                United States District Judge

jcd.
Copies to:
Counsel of Record, pro se party